UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| S. BENJAMIN CAILLOUET AND BRANDI CAILLOUET<br>Plaintiffs, | * * * * | CIVIL ACTION NO. |
| Vs. | * * | JUDGE |
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY<br>Defendant. | * * * | MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ("UPC")**, for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. §1446, without waiving any defenses available pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, and thereby removing this matter from state court to the docket of this Honorable Court. UPC respectfully shows as follows:

1. On or around March 28, 2022, the Plaintiffs filed a Petition for Damages ("Petition") in the Civil District Court for the Parish of Lafourche, State of Louisiana, entitled "*S. Benjamin Caillouet and Brandi Caillouet v. United Property and Casualty Insurance Company*," bearing docket number H-144544. Service was requested by the Plaintiffs on March 28, 2022 and served on UPC through the Louisiana Secretary of State on April 11, 2022.

2. Pursuant to 28 U.S.C. § 1446 (a), the State Court Pleadings and service information are attached hereto as Exhibit "A."

3. For the reasons that follow, UPC hereby removes this case from state court to this Honorable Court, based upon the grant of jurisdiction found at 28 U.S.C. §1332, as there is

diversity of citizenship between the Parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and cost.

4. As this Court is aware, removal is premised upon the face of a Plaintiffs' Petition for Damages. Therefore, UPC directs this Court's attention to the allegations set forth in the Plaintiffs' Petition for Damages, which assert claims against UPC subject to this Court's jurisdiction.

## REVIEW OF THE PLAINTIFFS' COMPLAINT

5. In the first, untitled, paragraph of Plaintiffs' Petition, Plaintiffs allege that they are both persons of full age of majority and residents of and domiciled in the Parish of Lafourche, State of Louisiana. (*See*, "Exhibit A").

6. In Paragraph 1 of Plaintiffs' Petition, Plaintiffs allege that UPC is a foreign company licensed to do and doing business within the State of Louisiana. (*See*, "Exhibit A").

7. In Paragraph 2 of Plaintiffs' Petition, Plaintiffs allege that the 17th Judicial District Court for the Parish of Ascension, State of Louisiana, is the proper venue for the instant action. (*See*, "Exhibit A").

8. In Paragraph 3 of Plaintiffs' Petition, Plaintiffs allege that they are the policy holders of the insurance policy bearing Policy Number ULF 0004545 02 ("Policy") for property located at 4406 Highway 1, Raceland, Louisiana, 70394 ("Covered Property"). (*See*, "Exhibit A").

9. In Paragraph 4 of Plaintiffs' Petition, Plaintiffs allege that UPC placed a valuation on the Covered Property and determined a premium charge to be made under the Policy. (*See*, "Exhibit A").

10. In Paragraph 5 of Plaintiffs' Petition, Plaintiffs allege the Policy provide coverage of $356,000.00 for Plaintiffs' Dwelling, $35,600.00 for Plaintiffs' Other Structures, $124,600.00 for Plaintiffs' Contents, and $35,000.00 for Plaintiffs' Loss of Use. (*See*, "Exhibit A").

11. In Paragraph 6 of Plaintiffs' Petition, Plaintiffs allege that "Hurricane Ida made landfall in Lafourche Parish, Louisiana" on or about August 29, 2021, and that the Covered Property was "subjected to hurricane force winds for many hours" prior to landfall. (*See,* "Exhibit A").

12. In Paragraph 7 of Plaintiffs' Petition, Plaintiffs allege that the "Covered Property and all contents thereof were severely damaged by Hurricane Ida." (*See,* "Exhibit A").

13. In Paragraph 8 of Plaintiffs' Petition, Plaintiffs allege that UPC received "satisfactory proof of loss" for Plaintiffs' claim for "hurricane related damages" on or before September 20, 2021. (*See,* "Exhibit A").

14. In Paragraph 9 of Plaintiffs' Petition, Plaintiffs allege that UPC has "failed to pay any amount reasonably close to the actual damages to the Covered Property and contents." (*See,* "Exhibit A").

15. In Paragraph 10 of Plaintiffs' Petition, Plaintiffs allege that damage sustained to the Covered Property "occurred prior to any damage to Covered Property by any non-covered peril, including any type of water damage purportedly excluded by the Policy." (*See,* "Exhibit A").

16. In Paragraph 11 of Plaintiffs' Petition, Plaintiffs allege UPC has "failed to pay the amount of the claim due to Plaintiffs within thirty (30) days of receipt of satisfactory proof of loss." (*See,* "Exhibit A").

17. In Paragraph 12 of Plaintiffs' Petition, Plaintiffs allege that UPC "failed to make a written offer to settle [Plaintiffs'] claim within thirty (30) days after receipt of satisfactory proof of loss." (*See,* "Exhibit A").

18. In Paragraph 13 of Plaintiffs' Petition, Plaintiffs allege that due to UPC's alleged failure to "pay the amount of Petitioners' property damage claim" and "make a written offer to

settle Petitioners' property damage claim" within thirty (30) days, that UPC is "liable to Petitioners for 50% additional in penalties on the amount found to be due" or, "1,000.00, whichever is greater, plus reasonable attorney's fees" according to La. R.S. 22:1892. (*See,* "Exhibit A").

19. In Paragraph 14 of Plaintiffs' Petition, Plaintiffs allege that UPC breached the "duty of good faith and fair dealing in the handling of [Plaintiffs'] claim" and the "affirmative duty to adjust Petitioners' claim fairly and promptly and to make a reasonable effort to settle Petitioners' claim" pursuant to La. R.S. 22:1973. (*See,* "Exhibit A").

20. In Paragraph 15 of Plaintiffs' Petition, Plaintiffs allege that UPC is additionally "liable to Petitioners…for penalties in an amount not to exceed twice the damages sustained or $5,000.00, whichever is greater, pursuant to La. R.S. 22:1973 and La. R.S. 22:1892." (*See,* "Exhibit A").

21. In Paragraph 16 of Plaintiffs' Petition, Plaintiffs allege they have sustained additional general damages, including "mental anguish, inconvenience, worry, and stress" for UPC's alleged violations of La. R.S. 22:1973, La. R.S. 22:1892, and La. R.S. 22:1893. (*See,* "Exhibit A").

22. In Paragraph 17 of Plaintiffs' Petition, Plaintiffs request a trial by jury noting "the matter in controversary exceeds the amount…pertinent to jury trials." (*See,* "Exhibit A").

23. In Plaintiffs' Prayer for Relief, Plaintiffs pray: (A) that UPC be served a copy of the Petition; (B) that judgment be entered in Plaintiffs' favor against UPC for just and reasonable damages, including penalties and attorney's fees, together with legal interest from date of judicial demand until paid, and for all costs hereof; and (C) for all orders and decrees necessary in the premises and for full, general, and equitable relief. (*See,* "Exhibit A").

13. Based upon these allegations, UPC removes this matter pursuant to 28 U.S.C. §1332.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332**

14. Defendant, UPC, asserts that this case is removable pursuant to 28 U.S.C. §1332 based upon diversity of citizenship.

15. Plaintiffs allege in the introductory paragraph before Paragraph 1 of the Petition that they are proper persons and residents domiciled in the State of Louisiana. (*See,* "Exhibit A").

16. Further, Plaintiffs allege in Paragraph 2 of the Petition for Damages that "UPC" is a foreign (Florida) company, licensed to do and doing business in the State of Louisiana. (*See,* "Exhibit A"). United Property and Casualty Insurance Company avers it is a "Company" by designation, and not a "Limited Liability Company."

17. As the Court is aware, existing case law deems a company or corporation that is not an LLC or Partnership as having, at best, dual citizenship of (1) its state of incorporation; and (2) its state in which it has its principal place of business. The Louisiana Department of Insurance's records show that UPC is a foreign insurance company incorporated under the laws of Florida and domiciled in the State of Florida. (*See,* Exhibit "B"). UPC's principal place of business is also located in Florida. Pursuant to 28 U.S.C. §1332(c)(1), UPC is a citizen of Florida.

18. Thus, based upon the foregoing, there is complete diversity of citizenship among the Plaintiffs and the Defendant.

19. Pursuant to 28 U.S.C. §1446 (c) (2) (A), the Notice of Removal may set forth the amount in controversy if the initial pleading seeks nonmonetary relief or a money judgement in a state where the Plaintiffs do not have to specify a demand for a specific sum or the Plaintiffs are permitted recovery of damages in excess of the amount demanded.

20. In accordance with Louisiana law, the Plaintiffs' Petition for Damages does not set forth specific monetary damages. La. Code Civ. P art. 893(a)(1).

21. In Paragraphs 7, 10, and 16 of the Petition and in Plaintiffs' Prayer, Plaintiffs allege that their premises had structural and contents damage as a result of Hurricane Ida and that they are entitled to sums for hurricane damage to the residence premises, and sums for the damaged contents, and various other expenses, as well as bad faith penalties and attorney's fees. Specifically, in Paragraph 7 of the Petition, Plaintiffs allege that "the Covered Property and **all** contents thereof were severely damaged by Hurricane Ida." (*emphasis added*). Plaintiffs further allege in Paragraph 9 of the Petition, that UPC "has failed to pay any amount reasonably close to the actual damages to the Covered Property and contents."

22. In addition to the aforementioned damages, Plaintiffs also seek damages including "mental anguish, inconvenience, worry, and stress". (*See*, "Exhibit A").

23. UPC denies these allegations of both negligence and breach of contract and denies that any additional amounts are due under the Policy. UPC denies that Plaintiffs are entitled to recover statutory penalties or attorney's fees, or any additional damages concerning "mental anguish, inconvenience, worry, and stress." These amounts are therefore properly considered to determine the amount of controversy herein.

24. UPC issued Policy No. ULF 0004545 02 for the premises located at 4406 Highway One, Raceland, LA 70394 with liability limits of $356,000.00 for Dwelling Coverage, liability limits of $35,600.00 for Other Structures Coverage, liability limits of $124,600.00 for Personal Property, and liability limits of $35,600.00 for Loss of Use noting a policy period of February 17, 2021 to February 17, 2022, in which the alleged date of loss is included. (See Exhibit "C").

25. Considering Plaintiffs' request for compensation and additionally seeking payment of attorneys' fees and penalties on alleged inadequate payments plus monies allegedly owed under Coverage C, coupled with Plaintiffs seeking general damages including mental anguish, as well as

the fact that the amount of insurance under the policy is at least $551,800.00, it is proper to conclude that the damages *sought* well exceed $75,000.00 and the amount in controversy has been satisfied. *See Albarado v. State Farm Mut. Ins. Co.*, No. 91-2036, WL 1991 165733 (E.D. La. Aug. 20, 1991) (both policy limits and possible penalties are properly considered when determining the amount in controversy).

26. As such, UPC contends that this Court has original jurisdiction per 28 U.S.C. §1332.

**PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

27. This Notice of Removal, filed on May 6, 2022, is timely filed. As shown by Exhibit "A," UPC was served on April 11, 2022. Thus, the filing of this Notice of Removal is within the 30-day requirement and therefore is timely.

28. Venue for this removal is proper in the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

29. Promptly after filing this Notice of Removal, written notice of same is being given to all adverse Parties and a copy of this Notice is being filed with the Clerk of Court for the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, as is required by law.

**CONCLUSION**

**WHEREFORE,** Defendant, **UNITED PROPERTY AND INSURANCE COMPANY,** prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, to the docket of this Honorable Court.

Dated: May 9, 2022.	Respectfully Submitted:

*/s/ Michael E. Hill*
MICHAEL E. HILL (25708)
Email: mhill@kelleykronenberg.com
FREDERICK BURTON (38148)
Email: fburton@kelleykronenberg.com
**KELLEY KRONENBERG, PA**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
Phone: 504-208-9055
*Counsel for Defendant, United Property & Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 9th day of May, 2022, served a copy of the foregoing was served electronically with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding.

*/s/ Michael E. Hill*
MICHAEL E. HILL